UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8306 PA (JDEx) | Date | April 6, 2022 |
|---|---|---|---|
| Title | Juan Valencia v. Farshad Dan Ashoori | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS – COURT ORDER**

      Before the Court is a Motion for Default Judgment ("Motion") filed by plaintiff Juan Valencia ("Plaintiff") against defendant Farshad Dan Ashoori (d/b/a International House of Pancakes No. 718) ("Defendant") (Docket No. 19).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 11, 2022, is vacated, and the matter taken off calendar.

**I.      Factual & Procedural Background**

      Plaintiff filed his Complaint, which alleged claims for violation of Title III of the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and additional claims based on California law, on October 20, 2021.  According to the Complaint, Plaintiff is a California resident who uses a wheelchair for mobility.  (Compl. ¶ 1.)  Plaintiff alleges that Defendant leases a property located at 15635 Ventura Blvd., Encino, California (the "Property"), at which a restaurant, a place of public accommodation, operates. (Id. ¶¶ 2 & 11.)  The Complaint alleges that during a visit in August 2021, Plaintiff personally encountered architectural barriers at the Property, including that Defendant:  "failed to provide the parking space identification sign with the International Symbol of Accessibility;" "failed to provide signs stating 'Minimum Fine $250' and 'Van Accessible;'" and "failed to provide access aisles with level surface slopes," among other accessibility regulations.  (Id. ¶ 13.)  Plaintiff further alleges that the "barriers and conditions denied Plaintiff the full and equal access to the Business" and that "Plaintiff wishes to patronize the Business" but is "deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed."  (Id. ¶ 14.)

      On October 21, 2021, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. After considering Plaintiff's Response to the Order to Show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8306 PA (JDEx) | Date | April 6, 2022 |
|---|---|---|---|
| Title | Juan Valencia v. Farshad Dan Ashoori | | |

Cause, the Court concluded in a November 3, 2021 Minute Order that it would decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other construction-related accessibility claims arising under state law. Accordingly, the Court dismissed Plaintiff's state law construction-related accessibility claims without prejudice. See Arroyo v. Rosas, 19 F.4th 1202, 1211-13 (9th Cir. 2021). Therefore, only Plaintiff's ADA claim, which seeks injunctive relief and attorneys' fees, remains pending before the Court. See Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (explaining that the ADA permits private individuals to seek injunctive relief for public accommodations with architectural barriers).

Plaintiff filed a Proof of Service indicating Defendant was served with the Summons and Complaint on November 22, 2021. Plaintiff filed a Request for Clerk to Enter Default on January 27, 2022 The Clerk entered Defendant's default on January 27, 2022. The Court directed Plaintiff to file a Motion for Default Judgment or other appropriate dispositive motion on or before February 28, 2022. Plaintiff moved for entry of default judgment against Defendant on February 28, 2022. Plaintiff seeks an award of $2,422.00 (consisting of attorneys' fees of $1,865.00 and costs of $557.00) and injunctive relief requiring Defendant to "provide an accessible parking space" at the Property "in compliance with the Americans with Disabilities Act Accessibility Guidelines." To date, Defendant has not responded to Plaintiff's Complaint, the Motion for Default Judgment, or otherwise appeared in this action.

**II. Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) empowers the Court to enter a default judgment. Local Rule 55–1 requires that when a movant applies for a default judgment, the application must "be accompanied by a declaration in compliance with F.R.Civ.P. 55(b)(1) and/or (2) and include the following: (a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)." See Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1.

Upon compliance with these procedural requirements, the district court's decision whether to grant or deny a motion for default judgment is a discretionary one. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987). The factors the Court considers in evaluating a motion for entry of default judgment include: "(1) the possibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8306 PA (JDEx) | Date | April 6, 2022 |
|---|---|---|---|
| Title | Juan Valencia v. Farshad Dan Ashoori | | |

of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are usually disfavored and cases should be decided on their merits whenever reasonably possible. See id. at 1472.

**III.     Analysis**

Here, before addressing the procedural requirements or Eitel factors, and because it is the only relief available to him pursuant to the ADA, the Court will first consider Plaintiff's constitutional standing to pursue injunctive relief. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski, 481 F.3d at 730. And as "with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011); see FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). Importantly, the requirements for Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, [so] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 114-15, n.31 (1979).

To establish sufficient standing at this stage, Plaintiff must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the Defendant's actions, and that the injury can be redressed by a favorable decision. See Chapman, 631 F.3d at 946. An ADA plaintiff "can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." Id. at 944. Thus, an "ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." Id. at 950. Moreover, an "ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury." Id. at 953. A Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8306 PA (JDEx) | Date | April 6, 2022 |
|---|---|---|---|
| Title | Juan Valencia v. Farshad Dan Ashoori | | |

"lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disabilities." Id.

The Ninth Circuit has found "actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008). The Circuit has also made clear, however, that "[a] plaintiff's 'profession of an 'inten[t]' to return to the places [he] had visited before' is not sufficient to establish standing because '[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.'" Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015) (affirming district court's grant of summary judgment against Plaintiff on his ADA claim) (quoting Lujan, 504 U.S. at 564); see also Chapman v. Pismo Food Store, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."). The Ninth Circuit has explained that "while past actions may constitute 'evidence bearing on whether there is a real and immediate threat of repeated injury,' they are not necessarily dispositive evidence. For example, evidence of concrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not traveled there in the past. Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." Civil Rights Educ. & Enf't Ctr. v. Hospitality Props. Trust, 867 F.3d 1093, 1100 (9th Cir. 2017) (citations omitted) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983)); see also id. ("Making case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts."); Strojnik v. Pasadena Robles Acquisition, LLC, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming district court's dismissal of ADA action for lack of standing based on plaintiff's failure to adequately demonstrate an intent to return).

Here, Plaintiff filed a Declaration in support of his Motion for Default Judgment in which he states:

> 5. Due to the lack of accessibility, I have been deterred from further attempting to visit the Business.
> 6. I would like to return to the Business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8306 PA (JDEx) | Date | April 6, 2022 |
|---|---|---|---|
| Title | Juan Valencia v. Farshad Dan Ashoori | | |

(Plaintiff's Decl. at ¶¶ 5 & 6.) These conclusory allegations amount to mere "some day" intentions that the Ninth Circuit has found are insufficient to establish Article III standing. See, e.g., Feezor, 608 F. App'x at 477. Plaintiff, who has filed nearly 70 similar actions in the Central District in recent years, has failed to present any concrete plans or other specific information about when he intends to return to Defendant's Property. Nothing in the record establishes Plaintiff's proximity to the location, the regularity of Plaintiff's visits to that area, or an explanation of why Plaintiff prefers this accommodation over other comparable locations. See D'Lil , 538 F.3d at 1037-38. Plaintiff's statements lack adequate descriptions of concrete plans to return or future plans sufficient to support a finding of a real and immediate threat of repeated injury. See, e.g., Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335–37 (11th Cir. 2013) (analyzing factors to determine whether plaintiff suing under ADA Title III had standing including likelihood of future visits, proximity of residence to the property at issue, and status as an "ADA tester who has filed many similar lawsuits"). The Court therefore concludes that Plaintiff has failed to proffer sufficient facts to establish his standing to obtain the injunctive relief he seeks.

## Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to establish his standing to obtain injunctive relief. Because the only claim remaining in this action is Plaintiff's claim for injunctive relief under the ADA, for which Plaintiff has failed to establish standing, the Court denies Plaintiff's Motion for Default Judgment and dismisses this action for lack of Article III standing. The Court will enter a Judgment consistent with this Order.[1/]

IT IS SO ORDERED

---

[1/] The Court notes that, even if Plaintiff's Unruh claim had not already been dismissed pursuant to 28 U.S.C. § 1367(c)(4), the Court would now decline to exercise supplemental jurisdiction at this stage pursuant to § 1367(c)(3) because it has resolved the ADA claim, and thus resolved "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); see also Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994).